**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

v.

JOHN A. BRYANT,

Defendant.

CASE NO.: 4:07-cr-151

**O R D E R**

Defendant John A. Bryant has filed "Motion for Modification of Sentence Concurrent Sentencing," (doc. 38), "Motion to Request Ruling on Pending Motion," (doc. 39), "Amended Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Motion for Ruling due to Government's Failure to Respond," (doc. 40), "Motion to Grant Amended Motion for Compassionate Release as Unopposed (LR 7.5); or Alternatively for Order to Show Cause—Pro Se," (doc. 41), and "Emergency Motion to Grant Pending Motions as Unopposed Under LR 7.5; in the Alternative to Issue Show Cause, Set a Status Conference, and Expedite Ruling; and Notice of Supplemental Information," (doc. 42).  The Court construes these pleadings as either a motion challenging his sentence computation pursuant to 28 U.S.C. § 2241 or a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Byrant's putative Section 2241 Motion and **DENIES** Bryant's request for modification of his sentence and compassionate release.[1]

---

[1] Bryant points out that the Government has not responded to his Motion, and he contends that, therefore, it should be granted as unopposed.  However, given the litany of post-conviction motions that defendants file, the United States typically does not respond to such a motion unless the Court orders that it do so.  The Court has not ordered the Government to respond to Bryant's motions.  Additionally, even if the Government was required to respond, the Court would not grant Defendant the extraordinary relief of a sentencing reduction by default.

**BACKGROUND**

After Bryant pleaded guilty to possessing a firearm as a convicted felon, the Court sentenced him to 105 months' imprisonment on November 30, 2007. (Doc. 33.) Bryant is currently serving that sentence in the custody of the United States Bureau of Prisons ("BOP") in a facility in South Carolina. (See, doc. 42, p. 4.)

**DISCUSSION**

I. **Putative Section 2241 Motion**

In his Motion, Bryant makes various sometimes conflicting statements about the time he has served since his sentence in this case. In any event, it appears that Bryant served time in state custody after his sentencing in this case but before he began serving his federal sentence. He claims that his state conviction and incarceration arose from conduct that was related to the charge in this case. It is not clear if Bryant is contesting whether the BOP failed to give him credit for time that he served in state custody or otherwise. Nonetheless, to the extent that Bryant challenges the BOP's calculation of his sentence, he would have to first exhaust his administrative remedies on that claim within the BOP. See United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Further, Bryant would have to bring his sentence calculation claim via 28 U.S.C. § 2241 in the district of his current confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Because he is not currently confined in this district, the Court could not grant him any relief under Section 2241. Thus, to the extent that Bryant intended to bring his claim pursuant to 28 U.S.C. § 2241, the Court **DENIES** that claim **WITHOUT PREJUDICE**.

II. **Motion for Sentence Modification and Compassionate Release**

Bryant asks the Court to revisit his sentence pursuant to The First Step Act at 18 U.S.C. § 3582(c)(1)(A). That Act provides a narrow path for a district court to reduce the sentence of a

criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A).

> **A.    Bryant has Failed to Establish an Extraordinary and Compelling Reason Warranting his Release**

The Court may only grant Bryant compassionate release and reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2025). The Guidelines list five specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) defendant's medical circumstances; (2) defendant's advanced age; (3) defendant's family circumstances; (4) defendant having been a victim of abuse; and (5) defendant having received an

unusually long sentence.  Id. at § 1B1.13(b).  A sixth catch-all category provides: "the Defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) are similar in gravity to those described in paragraphs (1) through (4)."  Id. at § 1B1.13(b)(5).

Bryant has failed to establish any of the five specific categories of extraordinary and compelling reasons.  He does not reference any medical circumstances; he does not indicate that he is sixty-five years old; he has not identified any family circumstances that would warrant relief; and he does not claim that he has been a victim of abuse while in custody serving his federal sentence.  While Bryant claims to have served seventeen years in federal custody, (doc. 40), he only received a sentence of 108 months, (see, doc. 33).  Thus, in this case, Bryant could never serve the 10-year threshold for reduction of an unusually long sentence.

Nor can Bryant establish the "catch all" provision.  Bryant explains that he has made significant efforts at rehabilitation in prison.  (Doc. 38, pp. 13—14.)  The Court applauds those efforts.  "However, the Guidelines also instruct that these facts, standing alone, cannot constitute an extraordinary and compelling reason for release."  United States v. Curtirelease.-11627, 2024 WL 4616105, at *5 (11th Cir. Oct. 30, 2024) (citing U.S.S.G. § 1B1.13(d)).  The Court has also considered the other claims Bryant has made such as his history of substance abuse, his childhood trauma, his supposed diminished capacity, his age at the time of the offense, and his claim of sentencing disparity.  (Doc. 38.)  For most of these claims, Bryant only offers cursory facts.  However, even accepting his conclusory allegations as true, Bryant's claimed reasons for relief, together and alone, are not similar in gravity to those warranting a reduction in sentence.  Nor is Bryant's claim that his federal sentence has been unfairly stacked upon his state sentence.  Bryant has not identified, and the Cour is not aware of, any authority for the proposition that time served

on a state charge can constitute an extraordinary and compelling reason under Section 1B1.13.[2]

Even if state incarceration could serve as an extraordinary and compelling reason, Bryant has not

sufficiently explained his state conviction and sentence for the Court to find that the sentence

received in that case rises to the level of an extraordinary and compelling reason to disturb the

sentence handed down in this case.

### B.    Defendant's Release Would Contradict the Section 3553(a) Factors.

Further, putting aside Bryant's failure to establish an extraordinary and compelling reason,

the Court can only grant compassionate relief "after considering the factors set forth in section

3553(a)."  18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020

WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even

though defendant's terminal cancer presented extraordinary and compelling grounds for relief

because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a

defendant meets the eligibility criteria for compassionate release, the Court retains discretion over

whether to grant that relief.").  Pursuant to Section 3553(a), federal courts must impose sentences

"sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. §

3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;

---

[2] Bryant cites United States v. Lopez, 998 F.3d 431, 437 (9th Cir. 2021), for the proposition that "unjust sentencing stacking" can be a basis for relief under Section 3582(c)(1)(A).  (Doc. 40, p. 6.)  But in that case, the court did not address Section 3582 or sentencing stacking.  Rather, Lopez, which has since been abrogated, dealt with safety valve relief under 18 U.S.C. § 3553(f)(1).

4.      the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];

5.      any pertinent policy statement ... by the Sentencing Commission;

6.      the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7.      the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Bryant's request for compassionate release. The facts of this case, including those established by Bryant's own admissions, reveal a serious level of criminality. At the time of his offense, Congress established a sentence of up to ten years' imprisonment for his possession of a firearm as a convicted felon. (Doc. 2.) Additionally, his specific offense conduct resulted in a total offense level of twenty-three. (Doc. 37, p. 11.) At sentencing, the Court also highlighted several concerning facts surrounding this case including a shooting followed by a high-speed chase where Bryant fled from police, wrecked the vehicle, and then fled on foot. (Id. at pp. 7—9.) Bryant also had a troubling criminal history which resulted in a criminal history category of five under the United States Sentencing Guidelines. (Id. at pp. 10—1.) At the sentencing hearing, the prosecutor correctly argued that Bryant has "spent the last 10 years doing nothing but being a violent, dangerous felon." (Id. at p. 11.) Given his serious offense conduct and criminal history, the Guidelines recommended that he receive a total sentence of 84 to 105 months' imprisonment. (Id. at p. 18.) Bryant's sentence fell within that range.

Even considering the time Bryant was detained in state custody, releasing Bryant would not reflect the seriousness of his offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B). Further, remaining within the custody of the Bureau of Prisons provides Bryant the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner." 18 U.S.C. §

3553(a)(2)(D).  Moreover, while Bryant argues that other defendants received lower sentences after being convicted of the same offense that he was convicted of, those defendants undoubtedly did not have the same offense level and criminal history as Bryant.  Releasing Bryant would create significant sentencing disparities between him and others with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Bryant's request for compassionate release.

## CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Bryant's putative Section 2241 Motion and **DENIES** Bryant's request for modification of his sentence and compassionate release, (docs. 38, 39, 40, 41, 42).

**SO ORDERED**, this 25th day of March, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7